| | |
|---|---|
| 1 | Law Office of Matthew S. Pappas |
| 2 | 8414 Farm Road, Suite 180 |
|   | Las Vegas, NV 89131 |
| 3 | Phone: (714) 576-9200 |
|   | Matthew S. Pappas (CSBN: 171860) |
| 4 | *Pro Hac Vice Pending* |
|   | E-Mail: maspalaw@mpappaslaw.com |
| 5 | |
| 6 | NCP Law, PLLC |
|   | 3200 N. Central Ave., Suite 2550 |
| 7 | Phoenix, AZ 85012 |
|   | Phone: (602) 428-3010 |
| 8 | Andrea S. Tazioli (#026621) |
|   | E-Mail: andrea@ncplawyers.com |
| 9 | *Attorneys for Plaintiffs Leon Dixon, Leland Tom and Jerica Miner* |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Leon Dixon, an individual; Leland Tom, an individual; and Jerica Miner, an individual, | Case No. |
| Plaintiffs, | **COMPLAINT FOR VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12132); SECTION 504 OF THE REHABILITATION ACT (29 U.S.C. § 794); SECTION 1557 OF THE AFFORDABLE CARE ACT (42 U.S.C. § 18116); 42 U.S.C. § 1983; ARIZONA CONSTITUTION ART. 2 § 13; AND INJUNCTIVE RELIEF (28 U.S.C. §§ 2201–2202)** |
| v. | |
| Arizona Health Care Cost Containment System (AHCCCS), an Arizona government agency; Kristen Challacombe, in her capacity as interim director of AHCCCS; Vanessa Templeman, in her capacity as inspector general of AHCCCS; and Does 1 To 100, inclusive, | |
| Defendants. | **JURY TRIAL DEMANDED** |

## **PARTIES**

1. Plaintiff Leon Dixon ("Plaintiff DIXON") is a fifty-eight -year-old member of the Navajo Nation residing in Arizona. Plaintiff DIXON is a qualified individual with disabilities within the meaning of the *Americans with Disabilities Act* (ADA), Section 504

1

1  of the *Rehabilitation Act* (Section 504), and Section 1557 of the *Affordable Care Act* (ACA). His disabilities include diabetes, an amputated leg, morbid obesity, opiate use disorder (not currently engaged in illegal use of drugs), and significant mental disabilities. The disabilities from which he suffers substantially limit one or more major life activities, including walking, self-care, sleeping and participating in day-to-day activities. He requires ongoing medical, psychological and behavioral health services. Plaintiff DIXON receives health care benefits through the Arizona Health Care Cost Containment System ("AHCCCS"), Arizona's Medicaid agency that offers health care programs to serve Arizona residents.

2. Plaintiff Leland Tom ("Plaintiff TOM") is a 48-year-old member of the Navajo Nation residing in Arizona. Plaintiff TOM is a qualified individual with disabilities within the meaning of the *Americans with Disabilities Act* (ADA), Section 504 of the *Rehabilitation Act* (Section 504), and Section 1557 of the *Affordable Care Act* (ACA). His disabilities include bipolar disorder and substance abuse disorder. Plaintiff TOM receives health care benefits through AHCCCS.

3. Plaintiff Jerica Miner ("Plaintiff MINER") is a 34-year-old AHCCCS beneficiary residing in Arizona. Plaintiff MINER is a qualified individual with disabilities within the meaning of the *Americans with Disabilities Act* (ADA), Section 504 of the *Rehabilitation Act* (Section 504), and Section 1557 of the *Affordable Care Act* (ACA). Her disabilities include mental disabilities and substance abuse disorder. Plaintiff MINER receives health care benefits through AHCCCS.

4. Defendant ARIZONA HEALTH CARE COST CONTAINMENT SYSTEM (AHCCCS) is Arizona's Medicaid agency that offers health care programs to serve Arizona residents. AHCCCS is a public entity under Title II and a recipient of federal financial assistance under Section 504 as well as a covered entity under Section 1557 of the ACA.

5. Defendant KRISTEN CHALLACOMBE is the current interim Director of AHCCCS, sued in her official capacity for prospective declaratory and injunctive relief.

6. Defendant, VANESSA TEMPLEMAN, is the current Inspector General of

1  AHCCCS, sued in her official capacity for prospective declaratory and injunctive relief.

2      7.    Plaintiffs do not know the true names and capacities of the defendants sued as DOES 1 through 100 and will amend this complaint when such information is ascertained.

    8.    On information and belief, Plaintiffs allege that the defendants sued as DOES 1 through 100 are in some manner legally responsible and liable for the damages caused to and suffered by Plaintiffs as set forth in this complaint.

## INTRODUCTION

    9.    This action challenges AHCCCS's disability-based discrimination against Plaintiffs, who are all AHCCCS beneficiaries with disabilities, by denying the Plaintiffs meaningful access to vital healthcare services through the improper suspension and exclusion of their chosen providers. For Plaintiff MINER, defendants have denied access to Arizona Integrated Telepsychiatry and Telemedicine Services, LLC ("AZITTS"). For Plaintiffs DIXON and TOM, defendants have denied access to Teri's Health Services, LLC ("THS").

    10.    In 2020, Plaintiff MINER discovered AZITTS. For the next several years, she received care and support through AZITTS, a relationship that became central to her healing. The last year, 2024, proved especially transformative, as Plaintiff MINER began working closely with Dr. Medina, whose compassion and steady presence left an indelible mark on her life. Since August 2023, AHCCCS, without basis, has stopped payment to AZITTS for claims made including claims for Plaintiff MINER. MINER is now unable to continue treatment services with AZITTS.

    11.    Plaintiffs DIXON and TOM began receiving mental health treatment with THS in or about 2018. In September 2023, AHCCCS suspended THS from AHCCCS based on an alleged Credible Allegation of Fraud. AHCCCS labeled THS as involved in "fraud" based on a software error—i.e., a non-credible allegation of fraud—then used that designation to suspend payments and effectively exclude THS from AHCCCS, triggering a cascade that prevented other payors from reimbursing care. AHCCCS persisted even after

3

1  being notified of the error and failed to apply safeguards and reasonable modifications
2  required by federal disability law. Plaintiffs DIXON and TOM have been unable to
3  continue treatment services with THS.

4      12.     In or around May 2023, AHCCCS engaged in conduct that improperly
5  targeted behavioral health and rehabilitation providers which directly impacted the
6  Plaintiffs and people similarly situated who suffer from substance abuse disorder,
7  alcoholism and other mental/behavioral health conditions.

8      13.     As a direct and foreseeable result of the actions taken by AHCCCS, the
9  Plaintiffs lost access to the providers they selected and relied upon for essential services.
10 Their respective health deteriorated. Plaintiff DIXON recently had to undergo amputation
11 of one leg. The loss of continuous, coordinated care from his chosen provider is a
12 substantial factor in his injury and ongoing harms.

13     14.     Title II of the ADA, Section 504 of the Rehabilitation Act, and Section 1557
14 of the ACA prohibit public entities and federally funded health programs from using
15 criteria or methods of administration that, even if facially neutral, deny disabled individuals
16 meaningful access to services or impose unjustified burdens. AHCCCS's actions violate
17 these statutes and their implementing regulations.

18                           **JURISDICTION AND VENUE**

19     15.     This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 (federal
20 question) and 28 U.S.C. § 1343(a)(3)–(4) (civil rights). Supplemental jurisdiction exists
21 under 28 U.S.C. § 1367 for related state-law claims. Declaratory relief is authorized by 28
22 U.S.C. §§ 2201–2202.

23     16.     Venue is proper in this District under 28 U.S.C. § 1391(b) because
24 Defendants reside in this District and a substantial part of the events or omissions giving
25 rise to the claims occurred here.

26     17.     AHCCCS receives federal financial assistance and participates in federal
27 Medicaid programs. By accepting such funds, AHCCCS has waived sovereign immunity
28 for Section 504 claims. Plaintiff seeks prospective relief against the AHCCCS Director in

his/her official capacity under *ex parte Young* and damages where allowed by law. Plaintiff seeks prospective relief against the AHCCCS Inspector General in her official capacity under *ex parte Young* and damages where allowed by law.

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

18. The Plaintiffs each have disabilities that substantially limit major life activities. Each Plaintiff requires ongoing coordinated care and continuity of services to manage their respective conditions and prevent complications.

19. Prior to the events at issue, Plaintiff MINER chose AZITTS and Dr. Medina. Plaintiffs DIXON and TOM selected THS as their provider. The Plaintiffs established therapeutic relationships and care plans through their providers and relied on this continuity for stability and health.

20. On dates presently unknown to Plaintiffs but within the last several years, AHCCCS flagged THS for "fraud" based on a software error that generated erroneous signals (*i.e.*, an allegation that was not credible and not grounded in reliable indicia of fraud).

21. In or around August 2023, without basis, notice or any opportunity for hearing, AHCCCS stopped paying, and caused related and subordinate payors to stop paying, AZITTS for valid claims and services. AHCCCS had been paying the claims for years up until it suddenly stopped making the payments in August 2023. AZITTS was not placed on any list and was not notified of why payments were stopped. Around the same time, AHCCCS systematically stopped paying numbers of behavioral health providers, including but not limited to AZITTS, under the leadership of now former director Carmen Heredia. There was no basis for stopping the payment of claims to AZITTS including but not limited to the claims for Plaintiff MINER. The stoppage of payments had a disparate impact on the Plaintiffs and other Medicaid covered individuals suffering from the same or similar disabilities.

22. In or around September 2023, AHCCCS suspended THS based on a Credible Allegation of Fraud. Despite notice that this allegation of fraud stemmed from a software

5

error, AHCCCS still treated the event as a "credible allegation of fraud" and suspended payments to THS, later effectively terminating and excluding the providers thereof from AHCCCS participation and causing other payors to refuse reimbursement.  Indeed, there was no fraud committed by THS.  Not one instance of fraud alleged was proven even following substantial reviews and audits.  AHCCCS's termination and exclusion of this provider places Plaintiffs DIXON and TOM at serious risk of institutionalization by depriving them of community-based support. Plaintiffs are entitled to live in the most integrated setting, and AHCCCS's conduct as set forth in this complaint violates the integration mandate.

23. AHCCCS failed to apply meaningful safeguards that federal Medicaid regulations require when dealing with alleged fraud, including periodic review, good-cause exceptions, consideration of patient impact, and coordination with law enforcement only where appropriate. AHCCCS also failed to adopt reasonable modifications to its policies and practices to avoid discriminatory effects on disabled beneficiaries who rely on continuity of care.

24. AHCCCS's actions and omissions had the foreseeable effect of abruptly cutting Plaintiffs off from their chosen providers and from medically necessary services. AHCCCS's actions were further targeted at behavioral health, rehabilitation, and mental health providers.  Its actions targeted patients with disabilities related to those areas, more specifically to recovery from alcohol and drug abuse, a nationwide health crisis affecting millions of Americans and a large number of Arizonans.

25. Denial of access to their providers caused delays, interruptions, and denials of needed services. Each of the Plaintiffs' health deteriorated. Recently, Plaintiff DIXON underwent amputation of one leg.  Plaintiff TOM recently had to be re-institutionalized. The disruption of care and loss of timely, specialized services were substantial factors in these outcomes.

26. The Plaintiffs have suffered and continue to suffer losses, increased medical costs (including prosthetics and rehabilitation), pain and suffering, loss of dignity, and loss

of independence. They face ongoing risk of further complications without prompt restoration of access to appropriate services from their chosen providers or equivalent reasonable accommodations.

27. Under 28 C.F.R. § 35.130(b)(3), AHCCCS's "criteria and methods of administration" have a discriminatory effect on disabled beneficiaries. AHCCCS's fraud-suspension and termination and exclusion policies and practices, as implemented here, constitute criteria and methods of administration that have the effect of subjecting qualified individuals with disabilities the same as or similar to those of the Plaintiffs to discrimination and of defeating or substantially impairing the objectives of AHCCCS's program with respect to disabled beneficiaries.

28. AHCCCS was required under 28 C.F.R. § 35.130(b)(7) to modify its fraud-suspension process to avoid discrimination. Reasonable modifications were readily available, including: (a) lifting or partially lifting payment suspensions upon confirmation of software error; (b) granting case-specific authorization or single-case agreements for payment so disabled beneficiaries could continue to receive services from their chosen provider; (c) expediting review intervals and requiring a heightened showing before continuing suspensions where non-credible allegations are involved; and (d) providing transition plans to ensure continuity of care for disabled members. Furthermore, AHCCCS implemented modified policies and procedures without following proper internal requirements and requirements mandated by Arizona law.

29. AHCCCS refused to provide these reasonable modifications despite actual knowledge that disabled members like the Plaintiffs would be harmed.

## FIRST CLAIM FOR RELIEF

## TITLE II OF THE ADA (42 U.S.C. § 12132)

30. Plaintiffs hereby re-allege and incorporate paragraphs 1 through 29 of this Complaint.

31. AHCCCS is a "public entity" subject to Title II. Plaintiffs are qualified individuals with disabilities. By reason of disability, AHCCCS excluded Plaintiffs from

7

participation in and denied them the benefits of its services, programs, or activities, and subjected them to discrimination, including through criteria and methods of administration that have discriminatory effects and through failure to make reasonable modifications to avoid discrimination.

32. AHCCCS's actions denied Plaintiffs meaningful access to AHCCCS-covered services and imposed unjustified burdens on them not imposed on non-disabled members as well as members who do not require rehabilitation, behavioral or mental health services.

33. AHCCCS acted with deliberate indifference to Plaintiffs' federally protected rights.

34. The actions taken by AHCCCS have substantially damaged the Plaintiffs in an amount to be proven at time of trial.

## SECOND CLAIM FOR RELIEF

## SECTION 504 OF THE REHABILITATION ACT (29 U.S.C. § 794)

35. Plaintiffs hereby re-allege and incorporate paragraphs 1 through 34 of this Complaint.

36. AHCCCS receives federal financial assistance and is subject to Section 504. Plaintiff is an individual with a disability. AHCCCS's actions effectively excluded Plaintiffs from participation in, denied them the benefits of, and otherwise discriminated against them under its programs and activities, solely by reason of disability.

37. AHCCCS's policies and methods of administration had a disparate impact on disabled individuals like Plaintiffs and denied meaningful access to services. Less discriminatory alternatives and reasonable modifications were available.

38. AHCCCS acted with deliberate indifference. Plaintiffs seek injunctive relief and compensatory damages available under Section 504 (excluding emotional-distress damages), fees, and costs.

39. The actions of AHCCCS have caused damages to the Plaintiffs in an amount to be proven at time of trial.

### THIRD CLAIM FOR RELIEF

### SECTION 1557 OF THE AFFORDABLE CARE ACT (42 U.S.C. § 18116)

40. Plaintiffs hereby re-allege and incorporate paragraphs 1 through 39 of this Complaint.

41. AHCCCS operates a health program or activity receiving federal financial assistance and is a covered entity under Section 1557. AHCCCS discriminated against Plaintiffs on the basis of disability, including by failing to make reasonable modifications and by using criteria and methods of administration that deny or limit participation and benefits.

42. Plaintiffs seek injunctive relief and compensatory damages available under Section 1557 (excluding emotional-distress damages) and fees and costs, in an amount to be proven at time of trial.

### FOURTH CLAIM FOR RELIEF

### ARIZONA CONSTITUTION ART. 2 § 13

43. Plaintiffs hereby re-allege and incorporate paragraphs 1 through 42 of this Complaint.

44. AHCCCS's arbitrary, erroneous reliance on a non-credible allegation of fraud and failure to adopt reasonable modifications burdened disabled beneficiaries like Plaintiffs and denied them equal privileges and immunities in the enjoyment of public services.

45. Plaintiffs seek declaratory and injunctive relief to prevent ongoing violations; damages are sought only where allowed by law.

### FIFTH CLAIM FOR RELIEF

### INJUNCTIVE RELIEF

46. Plaintiffs hereby re-allege and incorporate paragraphs 1 through 45 of this Complaint.

47. The actions of the defendants have caused and continue to cause irreparable harm to Plaintiffs as described in this Complaint.

48. Plaintiffs have a substantial likelihood of prevailing on the merits in this case.

49. Plaintiffs' suffering will continue if action is not taken to stop the discriminatory actions engaged in by AHCCCS.

50. As described herein, the balance of hardships weighs significantly in favor of granting injunctive relief.

51. For all of the foregoing reasons, injunctive relief must issue ordering AHCCCS to:

    A. Immediately restore or authorize reimbursement for medically necessary services provided to Plaintiffs by THS for Plaintiffs DIXON and TOM and AZITTS for Plaintiff MINER (or, at Plaintiffs' election, enter a single-case agreement or equivalent authorization) pending full review;

    B. Rescind, correct, or cease relying on the erroneous fraud designation for purposes of restricting Plaintiffs' access to their respective chosen provider;

    C. Adopt and implement reasonable modifications to fraud-suspension policies to prevent discrimination against disabled members, including periodic review, good-cause exceptions, case-by-case authorizations, and transition/continuity-of-care plans;

    D. Ensure network adequacy and timely access to services for Plaintiffs, including behavioral health services, consistent with federal Medicaid regulations; and

    E. Provide training and monitoring to ensure compliance with Title II, Section 504, and Section 1557.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1. For general and special damages in an amount to be proven at time of trial;
2. For injunctive relief as set forth in this Complaint;
3. For attorneys' fees incurred in this action;
4. For an award of costs incurred in this action; and

5. For such other and further relief the Court deems appropriate.

DATED this 29th day of September 2025.

        Law Office of Matthew S. Pappas
        8414 Farm Road, Suite 180
        Las Vegas, NV 89131

By: _____
MATTHEW PAPPAS (CSBN: 171860)
*Pro hac vice pending*
*Attorneys for Plaintiffs Leon Dixon, Leland Tom and Jerica Miner*

NCP Law, PLLC
3200 N. Central Avenue, Suite 2550
Phoenix, Arizona 85012

By: _____
Andrea S. Tazioli (#026621)
*Attorneys for Plaintiffs Leon Dixon, Leland Tom and Jerica Miner*