LAW OFFICES
**Broening Oberg Woods & Wilson**
PROFESSIONAL CORPORATION
2800 NORTH CENTRAL AVENUE, SUITE 1600
PHOENIX, ARIZONA 85004-1047
TELEPHONE: (602) 271-7700

Jathan P. McLaughlin (028065)
jpm@bowwlaw.com
Kelley M. Jancaitis (025555)
kmj@bowwlaw.com
*Attorneys for Defendant Arizona Health Care Cost Containment System*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leon Dixon, an individual; Leland Tom, an individual, and Jerica Miner, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>Arizona Health Care Cost Containment System (AHCCCS), an Arizona government agency; Kristen Challacombe, in her capacity as interim director of AHCCCS; Vanessa Templeman, in her capacity as inspector general of AHCCCS; and Does 1 to 100, inclusive,<br><br>Defendants. | NO. 2:25-CV-03585-ASB<br><br>**MOTION TO DISMISS** |

Defendant Arizona Health Care Cost Containment System ("AHCCCS") moves the Court, through counsel and pursuant to Federal Rule of Civil Procedure 12, for an order dismissing the Complaint [Doc. 1] in its entirety.

As to Counts 1, 2, and 3, Plaintiffs do not state facts demonstrating discrimination by reason of disability or a deliberately indifferent mental state. As to Count 4, Plaintiffs do not have a private right of action for damages arising from a purported violation of the Arizona Constitution. Additionally, all claims are outside the two-year limitations period.

Accordingly, Plaintiffs cannot prove either a likelihood of success or damages necessary to sustain Count 5. Judgment should enter for AHCCCS on all claims.[1]

## I.    FACTUAL BACKGROUND

According to the Complaint, Plaintiffs Miner, Dixon, and Tom are AHCCCS members with mental disabilities and substance use disorders that purportedly qualify them for protection under the American Disabilities Act ("ADA"), Rehabilitation Act, and Affordable Care Act ("ACA"). [Doc. 1 ¶¶ 1-3, 18.]

Plaintiffs generally allege disability-based discrimination as follows:

> In or around May 2023, AHCCCS engaged in conduct that improperly targeted behavioral health and rehabilitation providers which directly impacted the Plaintiffs and people similarly situated who suffer form substance abuse disorder, alcoholism and other mental/behavioral health conditions.

[Doc. 1 ¶¶ 9, 11.]

As relevant to these Plaintiffs, they allege that AHCCCS wrongfully stopped paying Arizona Integrated Telepsychiatry and Telemedicine Services, LLC ("AZITTS") for services rendered to AHCCCS members in August 2023. [Doc. 1 ¶ 21.] As a result, Plaintiff Miner can no longer receive AHCCCS-funded services at AZITTS and has been damaged by disruption to her care. [Doc. 1 ¶¶ 10, 19, 24.]

Plaintiffs also allege AHCCCS wrongfully suspended Teri's Health Services, LLC ("THS") from participation in the state Medicaid program based on a credible allegation of fraud ("CAF") in September 2023. [Doc. 1 ¶¶ 20, 22.] The suspension went into effect on September 23, 2023.[2] As a result, Plaintiffs Tom and Dixon can no longer receive AHCCCS-

---

[1] Through her signature below, counsel certifies pursuant to LR Civ. 12.1(c) that she notified Plaintiffs of these issues in writing, but Plaintiffs did not identify any permissible amendment that would cure the fatal defects or respond to a request to voluntarily dismiss the complaint.

[2] To the extent necessary to resolve this Motion, the Court can and should take judicial notice of the administrative proceedings in *AHCCCS Administration v. Teri A. Hourihan, LPC,*

funded services at THS and have been damaged by disruption to their care. [Doc. 1 ¶¶ 11, 19, 24.]

The alleged misconduct includes relying on "non-credible allegation[s] of fraud"; "fail[ing] to apply meaningful safeguards . . . when dealing with alleged fraud"; and "fail[ing] to adopt reasonable modifications to its policies and practices to avoid discriminatory effects." [Doc. 1, ¶¶ 23, 41, 44.] These omissions were "targeted at behavioral health, rehabilitation, and mental health providers" and "have a discriminatory effect on disabled beneficiaries." [Doc.1, ¶¶ 23, 27.]

The Complaint further states: "AHCCCS acted with deliberate indifference to Plaintiffs' federally protected rights." [Doc. 1 ¶ 33.]

Plaintiffs allege violation of Title II of the ADA (Count 1), violation of Section 504 of the Rehabilitation Act (Count 2), violation of the ACA (Count 3), and violation of Article 2, section 13 of the Arizona Constitution, and asserts claims for monetary damages and injunctive relief directing AHCCCS to modify its fraud-suspension policies, and to reinstated and pay AZITTS and THS for services provided to AHCCCS members.

## II.    LEGAL ARGUMENT

### A. Plaintiffs Do Not State Substantive Claims for Violation of the ADA, Rehabilitation Act, or ACA.

Title II is the portion of the ADA that applies to state and local governments. *See* 42 U.S.C. § 12131. It provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services,

---

Arizona Office of Administrative Hearings No. 24F-FRD-307892-AHC, and *AHCCCS Administration v. Teri's Health Services, LLC*, Arizona Office of Administrative Hearings No. 24F-FRD-307903-AHC, containing unappealed determinations that the suspension was effective September 23, 2023. See Fed. R. Evid. 201(b); *United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008) ("Judicial notice is appropriate for records and reports of administrative bodies," and properly considered as a matter of public record in deciding a Rule 12 motion).

programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

Section 504 of the Rehabilitation Act similarly provides: "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794. The ACA adds that "an individual shall not, on the ground prohibited under . . . section 794 of Title 29 [the Rehabilitation Act], be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance, including credits, subsidies, or contracts of insurance. 42 U.S.C. § 18116.

To state a claim under any of these federal statutes, the plaintiff must plead facts showing:

> (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) this exclusion, denial, or discrimination was by reason of his disability.

*Cohen v. City of Culver City*, 754 F.3d 690, 695 (9th Cir. 2014) (elements of claim under Title II of ADA); *Vinson v. Thomas*, 288 F.3d 1145, 1152 (9th Cir. 2002) (noting "no significant difference in the analysis of rights and obligations created by the two Acts"); *Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1210 (9th Cir. 2020) ("To state a disability discrimination claim under the ACA, the plaintiff must allege facts adequate to state a claim under Section 504 of the Rehabilitation Act."). The plaintiff must also assert facts demonstrating "a mens rea of intentional discrimination" that is met by showing "deliberate indifference" — not merely a "discriminatory animus." *Mark H. v. Lemahieu*, 513 F.3d 922, 938 (9th Cir. 2008) (quoting *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001)).

Plaintiffs' Counts 1 through 3 fail to allege facts supporting three of the four required elements and must be dismissed.

### 1. Plaintiffs Do Not State Facts Demonstrating They Were Denied Guaranteed Benefits As Necessary To Sustain Counts 1 Through 3.

Counts 1 through 3 first fail because Plaintiffs do not allege a plausible claim that they were denied the benefits of an otherwise available federally-funded program. "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must "nudge" the plaintiff's claims "across the line from conceivable to plausible." *Nielsen v. Thornell*, 101 F.4th 1164, 1169 (9th Cir. 2024) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiffs do contend they were "denied access" to AZITTS and THS, and lost "continuous, coordinated care from [a] chosen provider." [Doc. 1 ¶¶ 9, 13, 24, 26 (emphasis).] But this does not equate to a denial of AHCCCS benefits as a whole. Nor can the Court reasonably draw that inference from the facts pled. Although Plaintiffs do not plead their location, AHCCCS's provider directory contains listings for 474 behavioral outpatient clinics, 148 behavioral health therapeutic homes, 553 behavioral health residential facilities, 1001 licensed professional counselors, and 142 licensed addiction counselors, located throughout Arizona.[3] Indeed, Plaintiffs do not allege that they attempted but were unable to obtain AHCCCS-funded services at one of these 2300+ other providers, or explain how a transition of care amounts to an exclusion from the program.

Drawing on its common sense, the Court can find the claim that Plaintiffs were denied benefits to be implausible, and dismiss Counts 1 through 3 for want of facts establishing a deprivation.

---

[3] AHCCCS's Provider Directory is publicly available at https://ahcccsproviderdirectory.az-apep.gov/OPD/landing.action?request_locale=en, and searchable via provider type and servicing location.

### 2. Plaintiffs Do Not State Facts Demonstrating Disability-Based Discrimination As Necessary To Sustain Counts 1 Through 3.

Counts 1 through 3 also fail because they require an allegation of discrimination on the basis of or by reason of a disability.[4] These statutes prohibit discrimination *because* of disability, not because the plaintiff received inadequate medical care *for* a disability. *Greer v. Hawaii Permanente Med. Grp., Inc.*, CV 24-00299 JMS-RT, 2025 WL 358448, at *4 (D. Haw. Jan. 31, 2025). The result is a requirement of but-for causation. *Murray v. Mayo Clinic*, 934 F.3d 1101, 1106 (9th Cir. 2019).

Plaintiffs state in conclusory fashion that AHCCCS subjected them to discrimination "solely by reason of disability" [Doc. 1 ¶¶ 31, 36, 41] but do not allege facts or explain how the Court could conclude that a disability was the impetus for the alleged misconduct. They in fact only allege that the alleged misconduct had a discriminatory *effect*. [Doc. 1 ¶¶ 23, 27, 31, 41.] This is insufficient.

"[A] but-for test directs [the Court] to change one thing at a time and see if the outcome changes." *Bostock v. Clayton Cnty.*, 590 U.S. 644, 656 (2020). The question is thus: would AHCCCS have stopped payment to AZITTS and suspended THS if Plaintiffs were not disabled? The answer is obviously yes; AHCCCS's actions in this regard had nothing to do with Plaintiffs' disabled status, and they do not contend otherwise.

To sustain their claims, Plaintiffs must offer "more than labels and conclusions"; they must state "enough factual matter" indicating "plausible" grounds for relief, not merely "conceivable" ones. *Banks v. N. Tr. Corp.*, 929 F.3d 1046, 1055-56 (9th Cir. 2019) (citing *Twombly*, 550 U.S. at 555-56). Plaintiffs do not as to the third element of Counts 1, 2, and 3, and they must be dismissed.

---

[4] Although the ADA imposes a "by reason of disability" standard, the Rehabilitation Act has a heightened standard requiring discrimination "solely by reason" of disability." *Compare* 42 U.S.C. § 12132, *with* 29 U.S.C. § 794. The distinction is irrelevant here as the Complaint does not demonstrate even the lesser standard.

6

### 3. Plaintiffs Do Not State Facts Demonstrating Deliberate Indifference As Necessary To Sustain Counts 1 Through 3.

Finally, the Complaint does not state facts demonstrating deliberate indifference. Under our case law, "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that the likelihood." *Duvall*, 260 F.3d at 1139. The first element, knowledge is established through facts demonstrating the plaintiff "has alerted the public entity to his need for accommodation . . . or where the need for accommodation is obvious, or required by statute or regulation." *Id*.

Even then: "Deliberate indifference does not occur where a duty to act may simply have been overlooked, or a complaint may reasonably have been deemed to result from events taking their normal course." *Id*. "Rather, in order to meet the second element of the deliberate indifference test, a failure to act must be a result of conduct that is more than negligent, and involves an element of deliberateness." *Id*.

The Complaint asserts neither of these elements. Plaintiffs do not allege AHCCCS was notified of a need for accommodation (for example, that Plaintiffs required an accommodation allowing them to continue receiving AHCCCS-funded services from a provider under mandatory federal suspension due to a CAF), and do not allege that AHCCCS acted deliberately to harm Plaintiffs. To the contrary, the alleged wrongdoing is akin to negligence — i.e., failing to act *reasonably* in its adoption and enforcement of fraud-prevention policies. No deliberate indifference can be inferred, providing a third reason to dismiss Counts 1, 2, and 3.

### B. Plaintiffs Do Not Have A Private Right Of Action For Violations of the Arizona Constitution.

In Count 4, Plaintiffs seek relief related to a purported violation of Article 2, Section 13 of the Arizona Constitution. That section states: "No law shall be enacted granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations." Ariz. Const. art.

2 § 13. But Plaintiffs do not challenge the enactment of any law. By its terms, Section 13 has no application.

Even still, Section 13 is not actionable via civil suit. There is no Arizona equivalent of 28 U.S.C. § 1983 (enabling suit for violations of the federal constitution), and no Arizona court has recognized a private right of action for violation the state constitution. *See Cesare v. Cnty. of Pima*, CV1402514TUCCKJEJM, 2015 WL 13741218, at *24 (D. Ariz. Dec. 7, 2015), *report and recommendation adopted sub nom. Cesare v. Pima Cnty.*, CIV142514TUCCKJEJM, 2016 WL 836873 (D. Ariz. Mar. 4, 2016) (concluding there was no "cognizable legal theory" for damages related to violation of the Arizona Constitution).

For either and both of these reasons, Count 4 does not state a valid claim.

### C. All Claims For Damages Are Barred By The Statute Of Limitations.

Even if Plaintiffs stated any viable claim for relief, they are, at best, subject to the two-year limitations period of A.R.S. § 12-542. *See Houston v. Ariz. State Bd. of Educ.*, CV-10-8160-PHX-GMS, 2012 WL 466474, at *6 (D. Ariz. Feb. 14, 2012), *aff'd*, 579 F. App'x 591 (9th Cir. 2014) ("For purposes of statute of limitations, claims under Title II [of the ADA] are treated like the personal injury claims of § 1983 and are thereby subject to Arizona's two year statute of limitations under A.R.S. § 12-542."); *Zamora v. Ariz. Bd. of Regents*, CV-22-01583-PHX-SPL, 2023 WL 4421574, at *5 (D. Ariz. July 10, 2023) (same for Rehabilitation Act); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.1999) (same for alleged constitutional violations); *accord Madden-Tyler v. Maricopa Cnty.*, 189 Ariz. 462, 469, 943 P.2d 822, 829 (App. 1997). *See also* A.R.S. § 12-542 (stating actions "[f]or injuries done to the person . . . shall be commenced and prosecuted within two years after the cause of action accrues, and not afterward").

The Complaint was filed on September 29, 2025, but the alleged misconduct occurred in May and August 2023, and on September 23, 2023. Because the conduct giving rise to the

claims occurred more than two years before the Complaint was filed, they are outside the limitations period. For this additional reason, the Complaint should be dismissed.

### III. CONCLUSION

Allowing this Complaint to go forward requires the Court to suspend disbelief, and conclude (on the basis of conclusory allegations alone) that Plaintiffs could some day prove that AHCCCS <u>fabricated</u> concerns about AZITTS's and THS's compliance with the terms of their contract to provide behavioral health services and did so <u>because</u> it wanted to punish its disabled members. The theory is not supported by well-pled facts and does not state a plausible claim for relief.

Additionally, Plaintiffs do not state any claim based on a mere discriminatory effect, do not have a private right of action under an irrelevant provision of the Arizona Constitution, and asserts claims outside the statute of limitations. It follows that Plaintiffs can never prove they are likely to succeed on these claims as necessary to support injunctive relief. Accordingly, the Complaint should be dismissed.

RESPECTFULLY SUBMITTED this 31st day of October, 2025.

BROENING OBERG WOODS & WILSON, P.C.

By  /s/ Kelley M. Jancaitis
Jathan P. McLaughlin
Kelley M. Jancaitis
2800 North Central Avenue
Suite 1600
Phoenix, Arizona 85004-1047
Telephone: (602) 271-7700
*Attorneys for Defendant Arizona Health Care Cost Containment System*

## **CERTIFICATE OF SERVICE**

I certify that on this 31st day of October, 2025, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the parties registered with CM/ECF and a copy of the foregoing sent by first-class mail to any unregistered parties.

 */s/ Raquel L. Auriemma*